UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARGUS AND ASSOCIATES,                         Case No. 08-10531
INCORPORATED, *et al.*,
                                              Anna Diggs Taylor
                    Plaintiff,                United States District Judge

vs.                                           Michael Hluchaniuk
                                              United States Magistrate Judge

PROFESSIONAL BENEFITS
SERVICES, INCORPORATED,

                    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL DISCOVERY (Dkt. 11)**

## I.   PROCEDURAL HISTORY

The complaint in this case was filed on February 5, 2008.  (Dkt. 1).  In

essence, the complaint alleges that defendant breached certain statutory and

contractual duties with respect to the administration of a self-funded healthcare

plan that plaintiffs' had established for its employees.  Defendant filed its answer

and affirmative defenses on March 7, 2008. (Dkt. 3).   An initial scheduling order

was entered on May 1, 2008, (Dkt. 5) and subsequently amended on September 3,

2008.  (Dkt. 8).  The amended scheduling order provided for a discovery cut-off

1

date of December 4, 2008 and a dispositive motion cut-off date of March 4, 2009.

(Dkt. 8).

The present motion was filed on November 5, 2008, (Dkt. 11) which was the

same date that defendant also filed a motion to amend its answer and affirmative

defenses.  (Dkt. 10).  On November 13, 2008, both motions were referred to the

undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A).  Plaintiffs

filed their response to this motion on November 19, 2008.  (Dkt. 15).  Defendant

filed a reply to the response on November 26, 2008.  (Dkt. 18).  A joint statement

of resolved and unresolved issues was filed on December 2, 2008.  (Dkt. 19).  A

hearing on the motion was held, via conference call, on December 9, 2008.

## II.    POSITION OF THE PARTIES

As a normal part of the discovery process in this case defendant submitted

certain requests for the production of documents and interrogatories to plaintiffs.

Plaintiff submitted responses to some discovery requests, but declined to produce

certain documents and did not respond to certain interrogatories.  In the present

motion, defendant seeks an order compelling the production of the requested

documents and the answers to the interrogatories.  The specific issues of

2

controversy differ depending on the particular documents sought or the questions asked.  The following is a listing of the matters in dispute.[1]

Document Request Nos. 6, 7, 16, 17, 18 and 19

Request No. 6 relates to the 2007 refinancing of a building used by plaintiff and seeks any communication between plaintiffs and any financial institution on that subject.  Request No. 7 requests copies of documents provided to or received from any financial institution regarding the 2007 refinancing.  Request No. 16 sought copies of Argus' 2006 and 2007 tax returns.  Request No. 17 seeks Argus' "income statements and balance sheets" for 2006 and 2007.  Request No. 18 relates to "audited financial statements" for 2006 and 2007 and Request No. 19 relates to "unaudited financial statements for the same period.  Defendant claims the information is relevant to one of its defenses - that the real reason that plaintiffs failed to fund its healthcare plan was its poor financial situation rather than any errors on the part of defendant.  Plaintiffs claim that this information is confidential and not relevant to the litigation.

Document Request No. 5

---

[1]  The parties, to their credit, were able to resolve one of the controverted issues prior to the hearing.  Plaintiffs agreed to produce the documents relating to Request No. 32.

Request No. 5 relates to communications between plaintiffs and Security

First Benefits Corporation (Security First) that mention defendant's performance

under the agreement between plaintiffs and defendant, plaintiffs' funding of the

plan or plaintiffs' financial condition in 2007.  Defendant asserts that Security First

is an insurance consultant for plaintiffs and any communication between them

regarding relevant issues could lead to admissible evidence.  Plaintiffs claim that

these requests are also an attempt to obtain confidential information from plaintiff

and the information is not relevant to the litigation.

Interrogatory Nos. 6, 7, 11, 12, 13 and 15

Interrogatory No. 6 relates to claims in the complaint that defendant erred in

carrying out its duties under the contract between plaintiffs and defendant.

Interrogatory No. 7 relates to another category of errors by defendant alleged by

plaintiff in the complaint.  Interrogatory No. 11 relates to information that

plaintiffs alleged was missing from the documents that defendant provided to

plaintiffs.  Interrogatory No. 12 relates to another category of errors that plaintiffs

have alleged against defendant.  Interrogatory No. 13 relates to allegations in the

complaint that defendant misplaced or lost files and records.  Plaintiffs provided

partial responses to some of these interrogatories and failed to answer others,

4

stating the services of an expert would be needed to answer the questions.

Defendant asserts that the information is relevant and should be produced

regardless of whether an expert is needed by plaintiffs to complete the responses.

A second issue involving these same interrogatories (except 11 and 13)

relates to the subparts to each interrogatory.  The issue here involves the adequacy

of the response made by plaintiffs with defendant claiming the response is not

adequate and plaintiffs claiming that it was.

Document Request No. 3

Request No. 3 involves communications between plaintiffs and defendant as

far back as 2001.  Defendant contends that the request is reasonable and relevant.

Plaintiffs claim that they have turned over all the documents that they have

available.

Request for Admission Nos. 19 and 20

Request No. 19 asks for an admission relating to whether the Argus &

Associates Employee Health Benefit Plan (Plan) is a "party" to the Administrative

Services Agreement executed on June 1, 2001.  Plaintiffs objected to answering

this request on the grounds that the answer is a conclusion of law and not the

proper subject of discovery.  Defendant contends that the response is merely the

application of law to fact which is an appropriate discovery request.  Request No. 20 asks for an admission relating to whether the Plan is a "participant, beneficiary, or fiduciary" under certain sections of ERISA.  Plaintiffs also believe that the response calls for a "legal conclusion" and is, therefore, not appropriate, whereas defendant maintains that the response is the application of law to fact.

## III.   LEGAL STANDARDS

Several rules apply to the present motion.  The scope of discovery is determined by the terms of Fed.R.Civ.P. 26(b)(1), which provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  The rule also provides that "relevant" information need not be admissible, but it must "reasonably ... lead" to admissible evidence.  A party from whom discovery is sought can obtain protection from the court where the discovery request would result in "annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Another limiting factor in discovery applies to requests for admission under Rule 36.  A party may make a request for admission by the opposing party regarding "facts, the application of law to fact, or opinions about either." Fed.R.Civ.P. 36(a)(1)(A).  Also relevant to the adequacy of a response to the

6

request for admission is Rule 36(a)(5), which provides that a party cannot "object solely on the ground that the request presents a genuine issue for trial."  The rules contain some degree of flexibility regarding the timing of a response to a request for admission.  Rule 36(a)(6) allows a court to "defer its final decision [with respect to the sufficiency of an answer or objection] until a pretrial conference or a specified time before trial."

Rule 36 was amended in 1970 to, in part, expand the scope of requests for admission to include admissions of law to fact.  The reasons for the change were explained in the notes of the advisory committee:

> Rule 36 serves two vital purposes, both of which are designed to reduce trial time.  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.  The changes made in the rule are designed to serve these purposes more effectively. ... As revised [subdivision (a)] provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. ... An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues.  For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial.

7

Fed.R.Civ.P. 36 Advisory Committee Notes (1970 Amendment).  The Committee

cited a second example of a proper application of law to fact relating to an

admission that certain property where an accident had taken place was occupied by

or under the control of one of the defendants.  *Id.*

Other examples of proper requests for admission involving the application

of law to fact are (1) a request for admission that relates to the interpretation of a

contract at issue in the case, *Sigmund v. Starwood Urban Retail*, 236 F.R.D. 43, 46

(D. D.C. 2006), (2) a request to admit that no state law required an identified party

to contract with another party in the case, *Heartland Surg. Specialty Hosp. v.*

*Midwest Div.*, *Inc.*, 2007 WL 3171768 (D. Kan. 2007), and (3) a request to admit

what a party's obligations were under a contract.  *Langer v. Monarch Life Ins. Co.*,

966 F.2d 786, 805 (3d Cir. 1992).  Requests for admission of law unrelated to the

facts of the case are not proper.  *Booth Oil Site Administrative Group v. Safety-*

*Kleen Corp.*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000).

## IV.   ANALYSIS

### Document Request Nos. 6, 7, 16, 17, 18 and 19

The common issue regarding these document requests is the question of

relevance associated with the financial condition of plaintiffs.  Defendant has

asserted generally, as a defense, that the real reason the agreement between plaintiffs and defendant broke down was the financial problems that plaintiffs were experiencing, rather than any failure on defendant's part to meet its obligations under the agreement.  Based on that theory, defendant claims that information relating to plaintiffs' financial condition is relevant to the case or at least would lead to relevant evidence.  Plaintiffs assert that such information is not relevant and, additionally, it is private and confidential in that plaintiffs are private entities as opposed to publicly owned corporations.

Defendant's assertion of this defense makes certain aspects of plaintiffs' financial condition relevant to this litigation.  By filing this lawsuit plaintiffs have, to a large extent, exposed themselves to inquiries into areas that they might be able to limit in other circumstances, but not here.  Plaintiffs have waived any rights of confidentiality, for purposes of this lawsuit, regarding information that is relevant to this case and, based on a defense properly raised by defendant, that includes plaintiffs' financial condition during relevant periods of time.  The relevant period of time associated with defendant's claimed defense is that time period leading up to and including the time when the agreement between the parties broke down.

The parties appear to agree that their contractual relationship broke down at some point in the first half of 2007.

Request Nos. 6 and 7 seek documents and attachments that relate to a refinancing by plaintiffs of certain real estate they owned in 2007. Plaintiffs objected to these requests and provided no information in response. Based on the arguments of counsel and an attempt to balance the interests of both sides to this case, plaintiffs are directed to provide copies of documents, whether loan application documents or attachments to the application, submitted to the financial institution that provided refinancing for its mortgage in 2007, which include either information regarding plaintiffs' financial condition or information relating to the purpose for which plaintiff sought refinancing. This information will be provided subject to a protective order that will limit the use of the information to defendant's defense of this lawsuit.

Counsel for plaintiffs argued that plaintiffs should not be required to divulge confidential financial information in light of the fact that defendant was not willing to do the same. In this case, it has been demonstrated that plaintiffs' financial situation is relevant, but it has not been demonstrated that defendant's financial situation is relevant (nor has any motion to compel such information before the

10

Court). As a result, the decision requiring plaintiffs to provide such information is not affected by defendant's refusal to provide similar information. On a showing of relevance, defendant could be ordered to provide that type of information.

Request No. 16 asks for state and federal tax returns for the years 2006 and 2007. Plaintiffs did not provide any information in response, but did object to the request based on relevancy and confidentiality. For the reasons stated previously, the financial condition of plaintiffs is relevant and these documents have some bearing on that issue. Plaintiffs are directed to provide these documents to defendant subject to a similar protective order.

Request Nos. 17, 18 and 19 ask for income statements, balance sheets as well as audited and unaudited financial statements for 2006 and 2007. Plaintiffs provided no information in response, but did object based on relevancy and confidentiality. While plaintiffs' financial situation is relevant, this request is overly burdensome and, therefore, plaintiffs are directed to provide only audited financial statements for 2006 and 2007 to defendant, subject to a similar protective order. If plaintiffs do not have audited financial statements, then unaudited financial statements must be provided to defendant for 2006 and 2007. If there are neither audited nor unaudited financial statements for these years, then plaintiffs

11

are directed to provide defendant with income statements and balance sheets for these years.

Document Request No. 5

This request seeks communications between plaintiffs and Security First Benefits Corporation. Plaintiffs objected to the request based on it being overly broad and not relevant. The request is relevant but, in that there are no time limits in the request, it is overly broad. Plaintiffs are directed to provide the requested communications that were sent or received during 2006 and 2007.

Interrogatories Nos. 6, 7, 11, 12, 13 and 15

These interrogatories involved questions relating to the specific issues that plaintiffs claimed were done by defendant in error. Plaintiffs' general response was that it required the services of an expert to provide the responses sought by defendant. At the hearing, counsel for plaintiffs stated that they would be able to provide responses to these interrogatories approximately 30 days from the date of the hearing and defendant's counsel was amenable to that time frame.[2] Therefore,

_____

[2] In their response to the motion to compel, plaintiffs asserted that the interrogatories, with their multiple subparts, violated the maximum number of interrogatories permitted under the federal rules. As part of their agreement to answer or supplement the disputed interrogatories, plaintiffs essentially conceded this argument during the hearing.

12

plaintiffs must respond to these interrogatories, or supplement their existing responses, by January 16, 2009.  Plaintiffs will not be allowed to present any claims at trial of breach of duty on the part of defendant that have not been identified to defendant as part of these responses by January 16, 2009.  A separate issue was discussed regarding Interrogatory No. 9 and plaintiffs' counsel indicated that its response to this interrogatory will also be supplemented by January 16, 2009.

Document Request No. 3

This request involved communications between the parties without limitation as to date.  Plaintiffs objected based on vagueness and over breath.  At the hearing, the parties stated they had an understanding that the request was limited to "relevant" communications and, with that understanding plaintiffs' counsel indicated the request would be answered.  To the extent that there is a disagreement regarding the definition of "relevant" communications, it should include the financial information described previously.  Plaintiffs are directed to provide these documents by January 16, 2009.

Requests for Admission Nos. 19 and 20

Request No. 19 relates to whether Argus & Associates Employee Health Benefit Plan was a party to the agreement between Argus & Associates Inc. and defendant.  Plaintiff responded by stating that the documents "speak for themselves."  A response to a request for admission that merely states that documents speak for themselves is not acceptable.  *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 617 (S.D.N.Y. 1990).  The request appears to be a proper request under Rule 36(a) that calls for the application of law to the particular facts of this case.  Plaintiffs are directed to respond to this request for admission.

Request No. 20 relates to whether the "Plan" has certain status within the meaning of certain sections of federal law.  Plaintiffs did not properly respond to this request claiming that the response called for a legal conclusion.  This also appears to be a proper request for the application of law to the particular facts of the case.  Plaintiffs are directed to respond to this request for admission.

Unless otherwise indicated, plaintiffs are directed to complete their responses as required by this order within 14 days of the entry of this Order.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28

14

U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any

defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).

Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any

objection must be served on this Magistrate Judge.

Date: December 31, 2008                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on December 31, 2008, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system which will send electronic
notification to the following:  Jeffrey T. Gray, Michael J. Roth, Francyne B.
Stacey, and Rebecca L. Takacs, and I certify that I have mailed by United States
Postal Service the paper to the following non-ECF participant:  Claudia Rast, Pear,
Sperling, 24 Frank Lloyd Wright Drive, Suite C-200, Ann Arbor, MI 48105.

                                           s/Tammy M. Hallwood
                                           Courtroom Deputy Clerk
                                           U.S. District Court
                                           600 Church Street
                                           Flint, MI 48502
                                           (810) 341-7850
                                           tammy_hallwood@mied.uscourts.gov

15