UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARGUS AND ASSOCIATES,
INCORPORATED, *et al.*,

       Plaintiff,

vs.

PROFESSIONAL BENEFITS
SERVICES, INCORPORATED,

       Defendant.
_____/

Case No. 08-10531

Anna Diggs Taylor
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S AMENDED MOTION TO COMPEL (Dkt. 23)**

A.    <u>Procedural History</u>

Plaintiffs filed their complaint on February 5, 2008. (Dkt. 1). An answer was filed on March 7, 2008. (Dkt. 3). Defendant filed a motion to compel on November 5, 2008. (Dkt. 11). That motion to compel was answered on November 19, 2008. (Dkt. 15). Defendant filed a reply to the response on November 26, 2008. (Dkt. 18). A hearing on the motion was held, via conference call, on December 9, 2008, and an order granting in part and denying in part was entered on December 31, 2008. (Dkt. 21). The order required that plaintiffs supplement earlier discovery responses by January 16, 2009.

1

The present motion was filed on February 19, 2009.  (Dkt. 23).  Plaintiffs responded to the motion on February 20, 2009.  (Dkt. 24).  A reply to the response was filed on February 26, 2009.  (Dkt. 27).  Prior to the April 2, 2009, hearing on the motion the parties filed a joint statement of resolved and unresolved issues. (Dkt. 37).  Following the hearing, plaintiffs filed a supplemental brief on April 7, 2009, (Dkt. 39) as did defendant.  (Dkt. 41).

B.   Relevant Facts

Plaintiffs' complaint alleges, generally, that defendant had been employed by plaintiffs to administer a self-funded healthcare plan for plaintiffs' employees and that defendant had breached certain statutory and contractual obligations with respect to the administration of that plan.  In defendant's first motion to compel filed November 5, 2008 (Dkt. 11), defendant sought to discover specific details of any claim for health care benefits that plaintiffs' employees had filed that plaintiffs claimed was processed by defendant in error.  Plaintiffs responded to related discovery requests stating, in part, that they needed the services of an expert to properly respond but during the hearing plaintiffs' counsel indicated that they had retained such an expert and that the expert will be able to complete his analysis and prepare a report, which would completely respond to the discovery requests in question, within a month. (Dkt. 15).  Plaintiffs' explanation for not timely

responding to the discovery requests at that time was not completely satisfactory in that plaintiff had filed the lawsuit in February of 2008, approximately 10 months prior to that hearing date, and presumably should have marshaled its proofs relating to defendant's alleged breach of duty long before that time.  These issues were at the core of plaintiffs' claims and defendant had every right to expect disclosure of this information as part of discovery.  Nonetheless, an order was entered on December 31, 2008, giving plaintiffs until January 16, 2009, to supplement its responses in this area or suffer the penalty of not being allowed to present proofs of any alleged breach of duty that had not been identified by that date.

Apparently. plaintiffs did not supplement their responses by the January 16, 2009, deadline.  They did submit a "preliminary" report of their expert witness on January 30, 2009.  This report, attached as Exhibit 7 to the present motion, explains the background of the agreement between the parties and comments on a statistical sample that was conducted by the expert.  Not one specific example of alleged error is identified in this preliminary report.  Some general categories of alleged error were identified, but no specific instance of claimed error was reported and documented.  Apparently, no documents were attached to the reports that would support any conclusion or opinion in the report.

The present motion was filed on February 19, 2009, and responded to the next day. The hearing on the motion was held on April 2, 2009. During the hearing the comments of counsel related primarily to a website referred to as Medi-Web, which defendant maintained for the purpose of processing claims submitted pursuant to its agreement with plaintiffs. Plaintiffs contended that they were not aware of Medi-Web's availability until the deposition of its expert on February 23, 2009, and did not have access to the information. Additionally, plaintiffs said that they would have been able to identify errors committed by defendant in the claims processing at an earlier time if they had access to Medi-Web earlier than they did. Defendant contended that it had not deliberately misled plaintiffs about the availability of Medi-Web, that plaintiffs were aware of Medi-Web, that there really is no new information in Medi-Web, that plaintiffs had all the claims records, in hard copy as well as on a CD, for a considerable amount to time and should, in the exercise of due diligence, have been able to identify errors prior to the present time.

    C.    <u>Analysis and Conclusion</u>

The present controversy is, in essence, whether plaintiffs should be excused from their failure to comply with the court's earlier order requiring that plaintiffs respond to Interrogatories Nos. 6, 7, 11, 12, 13 and 15, by January 16, 2009 or "not

4

be allowed to present any claims at trial of breach of duty ... that have not been identified ... by January 16, 2009." (Dkt. 21, p. 13).  Plaintiff's explanation for its failure to provide this information by January 16, 2009, is that its expert could not efficiently review the relevant data until it had access to the information available via the Medi-Web system maintained by defendant.  Plaintiffs claim that they acted with due diligence with respect to reviewing the available data but that defendant deliberately misled them with respect to Medi-Web and, therefore, they should not be punished for failing to meet the January 16, 2009, deadline.

      The record does not support plaintiffs' claim that they acted with due diligence regarding discovery in this case.  A plaintiff has an affirmative duty to prove its case and should not file a complaint without some reasonable basis for doing so.  As late as December of 2008, approximately 10 months after the complaint was filed, plaintiffs were still saying they needed the services of an expert to identify the instances in which they claim defendant breached some duty to process medical claims of plaintiffs' employees.  If plaintiffs intended to rely so heavily on the services of an expert witness to prove their case, they should have retained the expert much earlier in the process than they did.  Additionally, while plaintiffs claimed they needed an expert to identify the claimed breaches of duty on defendant's part, certainly some of the areas where a breach has been claimed, e.g.,

lack of precertification documents, would not seem to require an expert opinion to prove. It might have been a significant task to examine a large volume of data as existed in the present case, but that is simply a burden that a plaintiff assumes when a plaintiff initiates litigation.

Further, there is no real basis for the claim that defendant misled plaintiffs with respect to the availability of Medi-Web. As pointed out by defendant, their responses to discovery requests identified the existence of the Medi-Web system and plaintiffs' experience with the system before the litigation made them aware of the system. While defendant did not intentionally mislead plaintiffs with respect to the availability of the Medi-Web system, its conduct in making the system available to plaintiffs was not exemplary. Parties to civil litigation are required to meet and confer with respect to discovery. Fed.R.Civ.P. 26(f). The parties are required to "develop a discovery plan" that would reasonably include "disclosure or discovery of electronically stored information, including the form or forms in which it should be produced." Fed.R.Civ.P. 26(f)(2) and (3)(C). Developing a reasonably complete discovery plan is the responsibility of both parties. The parties in the present case did not live up to the requirements of the rule. When the lawyers in this case conferred about discovery at the outset of the case, as the rule contemplates, the Medi-Web system, which clearly is within the definition of

electronically stored information, should have been discussed and included in the discovery plan. It is the failure of the parties to do what the rule reasonably requires that brings us to this controversy.

A court has discretion with respect to the imposition of sanctions where a party has failed to make disclosures. This Court informed plaintiffs that if the disclosures sought through the motion to compel were not made by January 16, 2009, the sanction to be imposed would be a limitation on the presentation of proofs at trial. This sanction is one available under Rule 37(b)(2)(A)(ii). Counsel for plaintiffs readily accepted this deadline and never attempted to obtain relief from that deadline when it became clear that the deadline would not be met. The undersigned believes that the sanction indicated in the December 31, 2008 order should generally be enforced. However, given the fact that defendant bears some of the fault for the Medi-Web information not being available at an earlier date, an exception will be made for any information relating to a breach of duty with respect to a claim processed by defendant that was not known to plaintiffs until after it had access to the Medi-Web system and only became known to plaintiffs as a result of access to Medi-Web. Plaintiffs will have the burden of proving that errors in processing of claims by defendant were either disclosed to defendant no later than January 16, 2009, or not known to plaintiffs until after, and as a result of,

access to Medi-Web. Given the circumstances of this case and the above sanctions, no other sanctions will be imposed on any of the parties and costs or attorney fees will not be imposed.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: May 8, 2009                                  s/Michael Hluchaniuk
                                                   Michael Hluchaniuk
                                                   United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on May 8, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. which will send electronic notification to the following: Jeffrey T. Gray, Michael J. Roth, Francyne B. Stacey, and Rebecca L. Takacs and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Claudia Rast, Pear, Sperling, 24 Frank Lloyd Wright Drive, Suite C-200, Ann Arbor, MI 48105.

                                              s/Tammy Hallwood
                                              Deputy Clerk
                                              U.S. District Court
                                              600 Church Street
                                              Flint, MI 48502
                                              (810) 341-7850
                                              tammy_hallwood@mied.uscourts.gov